## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **BIG WILL ENTERPRISES INC.,** | |
| **Plaintiff,** | **CASE NO. 1:24-CV-00042-DII** |
| **v.** | **JURY TRIAL DEMANDED** |
| **SAFEDRIVEPOD INTERNATIONAL B.V.,** | |
| **Defendant.** | |

**SAFEDRIVEPOD INTERNATIONAL B.V.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

SafeDrivePod International B.V. ("Defendant" or "SafeDrivePod") files this Answer,
Affirmative Defenses, and Counterclaims to Plaintiff Big Will Enterprises Inc.'s ("Plaintiff" or
"BWE") Complaint filed on January 11, 2024 (Dkt. 1) ("Complaint"). SafeDrivePod denies the
allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the
following paragraphs.

## INTRODUCTION

**1.**

SafeDrivePod admits that the Complaint purports to set forth an action for patent
infringement under the Patent Laws of the United States, Title 35, United States Code and that
purported copies of U.S. Patent Nos. 10,521,846 ("the '846 Patent"), 9,049,558 ("the '558
Patent"), 8,737,951 ("the '951 Patent"), 8,559,914 ("the '914 Patent"), and 8,452,273 ("the '273
Patent") (collectively the "Patents-in-Suit") are attached to the Complaint as Exhibits 1-5.

SafeDrivePod denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 1 of the Complaint.

**2.**

SafeDrivePod is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint

**3.**

SafeDrivePod denies the allegations in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

**4.**

SafeDrivePod is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

**5.**

SafeDrivePod admits that it is a Besloten Vennootschap (limited liability company) organized under the laws of the Netherlands, that it has its headquarters at Stationsweg 6a, 6861 EG, Oosterbeek, the Netherlands, and that it may be served in accordance with the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial matters. SafeDrivePod denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 5 of the Complaint.

**6.**

SafeDrivePod admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271, 281, and 284-285, and

that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of patents. SafeDrivePod denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 6 of the Complaint.

**7.**

SafeDrivePod does not contest whether personal jurisdiction over it properly lies in this District in this action, or that it conducts business in the State of Texas. SafeDrivePod denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 7 of the Complaint.

**8.**

SafeDrivePod denies that its products and services are offered for sale and sold to customers residing in this State and District, and denies that it has an online presence under the name Autoliv.com. SafeDrivePod denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 8 of the Complaint.

**9.**

SafeDrivePod does not contest that venue may be proper in this District in this action, but denies venue is convenient. SafeDrivePod denies it has committed or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 9 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

**10.**

SafeDrivePod is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies the allegations in Paragraph 10 of the Complaint.

**11.**

SafeDrivePod is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies the allegations in Paragraph 11 of the Complaint.

**12.**

SafeDrivePod is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies the allegations in Paragraph 12 of the Complaint.

**13.**

SafeDrivePod is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies the allegations in Paragraph 13 of the Complaint.

**14.**

SafeDrivePod admits that it is a technology company which designs, manufactures, and supplies automotive safety solutions, and that it designs, manufactures, and sells, SafeDriveMotion, SafeDriveFocus, SafeDriveResponse, SafeDriveCoach, and SafeDriveLink (collectively "the Accused Products"). SafeDrivePod denies it has committed or is committing acts

of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies

the remaining allegations in Paragraph 14 of the Complaint.

**15.**

SafeDrivePod denies the allegations in Paragraph 15 of the Complaint.

## COUNT I

## [ALLEGED] DIRECT INFRINGEMENT OF THE '846 PATENT

**16.**

SafeDrivePod incorporates by reference Paragraphs 1-15 above.

**17.**

SafeDrivePod denies the allegations in Paragraph 17 of the Complaint.

**18.**

SafeDrivePod denies the allegations in Paragraph 18 of the Complaint.

**19.**

SafeDrivePod denies the allegations in Paragraph 19 of the Complaint.

**20.**

SafeDrivePod denies the allegations in Paragraph 20 of the Complaint.

**21.**

SafeDrivePod denies the allegations in Paragraph 21 of the Complaint.

**22.**

SafeDrivePod denies the allegations in Paragraph 22 of the Complaint.

**23.**

SafeDrivePod denies the allegations in Paragraph 23 of the Complaint.

**24.**

SafeDrivePod denies the allegations in Paragraph 24 of the Complaint.

**25.**

SafeDrivePod denies the allegations in Paragraph 25 of the Complaint.

**26.**

SafeDrivePod denies the allegations in Paragraph 26 of the Complaint.

**27.**

SafeDrivePod denies the allegations in Paragraph 27 of the Complaint.

**28.**

SafeDrivePod denies the allegations in Paragraph 28 of the Complaint.

**29.**

SafeDrivePod denies the allegations in Paragraph 29 of the Complaint.

**30.**

SafeDrivePod denies the allegations in Paragraph 30 of the Complaint.

**31.**

SafeDrivePod denies the allegations in Paragraph 31 of the Complaint.

**32.**

SafeDrivePod denies the allegations in Paragraph 32 of the Complaint.

**33.**

SafeDrivePod denies the allegations in Paragraph 33 of the Complaint.

**34.**

SafeDrivePod denies the allegations in Paragraph 34 of the Complaint.

**35.**

SafeDrivePod denies the allegations in Paragraph 35 of the Complaint.

**36.**

SafeDrivePod denies the allegations in Paragraph 36 of the Complaint.

**37.**

SafeDrivePod denies the allegations in Paragraph 37 of the Complaint.

**38.**

SafeDrivePod denies the allegations in Paragraph 38 of the Complaint.

**39.**

SafeDrivePod denies the allegations in Paragraph 39 of the Complaint.

**40.**

SafeDrivePod denies the allegations in Paragraph 40 of the Complaint.

**COUNT II**

**[ALLEGED] DIRECT INFRINGEMENT OF THE '558 PATENT**

**41.**

SafeDrivePod incorporates by reference Paragraphs 1-40 above.

**42.**

SafeDrivePod denies the allegations in Paragraph 42 of the Complaint.

**43.**

SafeDrivePod denies the allegations in Paragraph 43 of the Complaint.

**44.**

SafeDrivePod denies the allegations in Paragraph 44 of the Complaint.

**45.**

SafeDrivePod denies the allegations in Paragraph 45 of the Complaint.

**46.**

SafeDrivePod denies the allegations in Paragraph 46 of the Complaint.

**47.**

SafeDrivePod denies the allegations in Paragraph 47 of the Complaint.

**48.**

SafeDrivePod denies the allegations in Paragraph 48 of the Complaint.

**49.**

SafeDrivePod denies the allegations in Paragraph 49 of the Complaint.

**50.**

SafeDrivePod denies the allegations in Paragraph 50 of the Complaint.

**51.**

SafeDrivePod denies the allegations in Paragraph 51 of the Complaint.

**52.**

SafeDrivePod denies the allegations in Paragraph 52 of the Complaint.

**53.**

SafeDrivePod denies the allegations in Paragraph 53 of the Complaint.

**54.**

SafeDrivePod denies the allegations in Paragraph 54 of the Complaint.

**55.**

SafeDrivePod denies the allegations in Paragraph 55 of the Complaint.

**56.**

SafeDrivePod denies the allegations in Paragraph 56 of the Complaint.

**57.**

SafeDrivePod denies the allegations in Paragraph 57 of the Complaint.

**58.**

SafeDrivePod denies the allegations in Paragraph 58 of the Complaint.

**59.**

SafeDrivePod denies the allegations in Paragraph 59 of the Complaint.

**60.**

SafeDrivePod denies the allegations in Paragraph 60 of the Complaint.

**61.**

SafeDrivePod denies the allegations in Paragraph 61 of the Complaint.

**62.**

SafeDrivePod denies the allegations in Paragraph 62 of the Complaint.

**63.**

SafeDrivePod denies the allegations in Paragraph 63 of the Complaint.

**64.**

SafeDrivePod denies the allegations in Paragraph 64 of the Complaint.

**65.**

SafeDrivePod denies the allegations in Paragraph 65 of the Complaint.

**66.**

SafeDrivePod denies the allegations in Paragraph 66 of the Complaint.

**67.**

SafeDrivePod denies the allegations in Paragraph 67 of the Complaint.

**68.**

SafeDrivePod denies the allegations in Paragraph 68 of the Complaint.

**69.**

SafeDrivePod denies the allegations in Paragraph 69 of the Complaint.

**70.**

SafeDrivePod denies the allegations in Paragraph 70 of the Complaint.

**71.**

SafeDrivePod denies the allegations in Paragraph 71 of the Complaint.

**72.**

SafeDrivePod denies the allegations in Paragraph 72 of the Complaint.

**73.**

SafeDrivePod denies the allegations in Paragraph 73 of the Complaint.

**74.**

SafeDrivePod denies the allegations in Paragraph 74 of the Complaint.

**75.**

SafeDrivePod denies the allegations in Paragraph 75 of the Complaint.

**76.**

SafeDrivePod denies the allegations in Paragraph 76 of the Complaint.

**77.**

SafeDrivePod denies the allegations in Paragraph 77 of the Complaint.

**78.**

SafeDrivePod denies the allegations in Paragraph 78 of the Complaint.

**79.**

SafeDrivePod denies the allegations in Paragraph 79 of the Complaint.

**80.**

SafeDrivePod denies the allegations in Paragraph 80 of the Complaint.

**81.**

SafeDrivePod denies the allegations in Paragraph 81 of the Complaint.

**82.**

SafeDrivePod denies the allegations in Paragraph 82 of the Complaint.

**83.**

SafeDrivePod denies the allegations in Paragraph 83 of the Complaint.

**84.**

SafeDrivePod denies the allegations in Paragraph 84 of the Complaint.

**85.**

SafeDrivePod denies the allegations in Paragraph 85 of the Complaint.

**86.**

SafeDrivePod denies the allegations in Paragraph 86 of the Complaint.

**87.**

SafeDrivePod denies the allegations in Paragraph 87 of the Complaint.

**88.**

SafeDrivePod denies the allegations in Paragraph 88 of the Complaint.

**89.**

SafeDrivePod denies the allegations in Paragraph 89 of the Complaint.

**90.**

SafeDrivePod denies the allegations in Paragraph 90 of the Complaint.

**91.**

SafeDrivePod denies the allegations in Paragraph 91 of the Complaint.

**92.**

SafeDrivePod denies the allegations in Paragraph 92 of the Complaint.

**93.**

SafeDrivePod denies the allegations in Paragraph 93 of the Complaint.

**94.**

SafeDrivePod denies the allegations in Paragraph 94 of the Complaint.

**95.**

SafeDrivePod denies the allegations in Paragraph 95 of the Complaint.

**96.**

SafeDrivePod denies the allegations in Paragraph 96 of the Complaint.

**97.**

SafeDrivePod denies the allegations in Paragraph 97 of the Complaint.

**98.**

SafeDrivePod denies the allegations in Paragraph 98 of the Complaint.

**99.**

SafeDrivePod denies the allegations in Paragraph 99 of the Complaint.

**100.**

SafeDrivePod denies the allegations in Paragraph 100 of the Complaint.

**101.**

SafeDrivePod denies the allegations in Paragraph 101 of the Complaint.

**102.**

SafeDrivePod denies the allegations in Paragraph 102 of the Complaint.

## COUNT III

## [ALLEGED] DIRECT INFRINGEMENT OF THE '951 PATENT

**103.**

SafeDrivePod incorporates by reference Paragraphs 1-102 above.

**104.**

SafeDrivePod denies the allegations in Paragraph 104 of the Complaint.

**105.**

SafeDrivePod denies the allegations in Paragraph 105 of the Complaint.

**106.**

SafeDrivePod denies the allegations in Paragraph 106 of the Complaint.

**107.**

SafeDrivePod denies the allegations in Paragraph 107 of the Complaint.

**108.**

SafeDrivePod denies the allegations in Paragraph 108 of the Complaint.

**109.**

SafeDrivePod denies the allegations in Paragraph 109 of the Complaint.

**110.**

SafeDrivePod denies the allegations in Paragraph 110 of the Complaint.

**111.**

SafeDrivePod denies the allegations in Paragraph 111 of the Complaint.

**112.**

SafeDrivePod denies the allegations in Paragraph 112 of the Complaint.

**113.**

SafeDrivePod denies the allegations in Paragraph 113 of the Complaint.

**COUNT IV**

**[ALLEGED] DIRECT INFRINGEMENT OF THE '914 PATENT**

**114.**

SafeDrivePod incorporates by reference Paragraphs 1-113 above.

**115.**

SafeDrivePod denies the allegations in Paragraph 115 of the Complaint.

**116.**

SafeDrivePod denies the allegations in Paragraph 116 of the Complaint.

**117.**

SafeDrivePod denies the allegations in Paragraph 117 of the Complaint.

**118.**

SafeDrivePod denies the allegations in Paragraph 118 of the Complaint.

**119.**

SafeDrivePod denies the allegations in Paragraph 119 of the Complaint.

**120.**

SafeDrivePod denies the allegations in Paragraph 120 of the Complaint.

**121.**

SafeDrivePod denies the allegations in Paragraph 121 of the Complaint.

## COUNT V

## [ALLEGED] DIRECT INFRINGEMENT OF THE '273 PATENT

**122.**

SafeDrivePod incorporates by reference Paragraphs 1-121 above.

**123.**

SafeDrivePod denies the allegations in Paragraph 123 of the Complaint.

**124.**

SafeDrivePod denies the allegations in Paragraph 124 of the Complaint.

**125.**

SafeDrivePod denies the allegations in Paragraph 125 of the Complaint.

**126.**

SafeDrivePod denies the allegations in Paragraph 126 of the Complaint.

**127.**

SafeDrivePod denies the allegations in Paragraph 127 of the Complaint.

**128.**

SafeDrivePod denies the allegations in Paragraph 128 of the Complaint.

**129.**

SafeDrivePod denies the allegations in Paragraph 129 of the Complaint.

**130.**

SafeDrivePod denies the allegations in Paragraph 130 of the Complaint.

**131.**

SafeDrivePod denies the allegations in Paragraph 131 of the Complaint.

**132.**

SafeDrivePod denies the allegations in Paragraph 132 of the Complaint.

**133.**

SafeDrivePod denies the allegations in Paragraph 133 of the Complaint.

**134.**

SafeDrivePod denies the allegations in Paragraph 134 of the Complaint.

**135.**

SafeDrivePod denies the allegations in Paragraph 135 of the Complaint.

**136.**

SafeDrivePod denies the allegations in Paragraph 136 of the Complaint.

**137.**

SafeDrivePod denies the allegations in Paragraph 137 of the Complaint.

**138.**

SafeDrivePod denies the allegations in Paragraph 138 of the Complaint.

**139.**

SafeDrivePod denies the allegations in Paragraph 139 of the Complaint.

**140.**

SafeDrivePod denies the allegations in Paragraph 140 of the Complaint.

**141.**

SafeDrivePod denies the allegations in Paragraph 141 of the Complaint.

**142.**

SafeDrivePod denies the allegations in Paragraph 142 of the Complaint.

**143.**

SafeDrivePod denies the allegations in Paragraph 143 of the Complaint.

**144.**

SafeDrivePod denies the allegations in Paragraph 144 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

SafeDrivePod denies that Plaintiff is entitled to any relief from SafeDrivePod and denies all the allegations contained in Plaintiff's Prayer for Relief.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

SafeDrivePod is not required to provide a response to Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

SafeDrivePod's Affirmative Defenses are listed below. SafeDrivePod reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

SafeDrivePod has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that SafeDrivePod's actions allegedly infringe the Patents-in-Suit, SafeDrivePod is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that SafeDrivePod indirectly infringes, either by contributory infringement or inducement of infringement, SafeDrivePod is not liable to Plaintiff for the acts alleged to have been performed before SafeDrivePod knew that its actions would cause indirect infringement.

18

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by SafeDrivePod.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that SafeDrivePod makes, uses, or sells each claimed element of any asserted claim, or that SafeDrivePod directs or controls another entity to make, use, or sell any element that is not made, used, or sold by SafeDrivePod.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Patents-in-Suit do not claim patentable subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method employed by SafeDrivePod includes: (1) "selecting an advertisement based at least in part upon the determined [mobile thing motion activity]; causing the advertisement to be communicated to the [wireless communication device]" as required by Claim 1 of the '846 Patent; (2) "computing reference data based upon the recognition of the particular set, the reference data defining a relationship between each set of subsequent non-reference data sample values and the particular reference set of data

sample values in the coordinate system" as required by Claim 1 of the '558 Patent; (3) "instructions to, when the first data may involved the activity, enter into a second mode of operation involving a second investigation process that is different than the first investigation process and the involves the one or more sensors and/or one or more other sensors in order to capture second data that is further indicative of the activity" as required by Claim 1 of the '951 Patent; (4) "logic that determines a surveillance mode that corresponds to the user activity and/or the user surroundings" as required by Claim 5 of the '914 Patent; and/or "computing reference data based upon the recognition of the particular set, the reference data defining a relationship between each set of subsequent non-reference data sample values and the particular reference set of data sample values in the 2D coordinate system" as required by Claim 1 of the '273 Patent.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

To the extent Plaintiff contends that it alleges a claim for willful infringement, Plaintiff has failed to state a claim upon which relief can be granted.

## SAFEDRIVEPOD'S COUNTERCLAIMS

For its counterclaims against Plaintiff Big Will Enterprises Inc. ("Plaintiff" or "BWE"), Counterclaim Plaintiff SafeDrivePod International B.V. ("Defendant" or "SafeDrivePod") alleges as follows:

1.   Counterclaim Plaintiff SafeDrivePod is a Besloten Vennootschap (limited liability company) organized under the laws of the Netherlands, that it has its headquarters at Stationsweg 6a, 6861 EG, Oosterbeek, the Netherlands.

2.   Upon information and belief based solely on Paragraph 4 of the Complaint as pled by Plaintiff, Counterclaim Defendant BWE is a British Columbia company, incorporated in Canada, with its principal place of business at 4573 West 1st Avenue, Vancouver, British Columbia V6R 1H7, Canada.

## JURISDICTION

3.   SafeDrivePod incorporates by reference Paragraphs 1–2 above.

4.   These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.   BWE has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.   Based solely on BWE's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

<u>COUNT I</u>

<u>DECLARATION REGARDING NON-INFRINGEMENT AS TO THE PATENTS-IN-</u>

<u>SUIT</u>

7.      SafeDrivePod incorporates by reference Paragraphs 1–6 above.

8.      Based on BWE's filing of this action and at least SafeDrivePod's First Affirmative

Defense, an actual controversy has arisen and now exists between the parties as to whether

SafeDrivePod infringes U.S. Patent Nos. 10,521,846 ("the '846 Patent"), 9,049,558 ("the '558

Patent"), 8,737,951 ("the '951 Patent"), 8,559,914 ("the '914 Patent"), and 8,452,273 ("the '273

Patent") (collectively the "Patents-in-Suit").

9.      SafeDrivePod does not infringe the Patents-in-Suit because, among other things, it

does not use any method or system that includes: (1) "selecting an advertisement based at least in

part upon the determined [mobile thing motion activity]; causing the advertisement to be

communicated to the [wireless communication device]" as required by Claim 1 of the '846 Patent;

(2) "computing reference data based upon the recognition of the particular set, the reference data

defining a relationship between each set of subsequent non-reference data sample values and the

particular reference set of data sample values in the coordinate system" as required by Claim 1 of

the '558 Patent; (3) "instructions to, when the first data may involved the activity, enter into a

second mode of operation involving a second investigation process that is different than the first

investigation process and the involves the one or more sensors and/or one or more other sensors

in order to capture second data that is further indicative of the activity" as required by Claim 1 of

the '951 Patent; (4) "logic that determines a surveillance mode that corresponds to the user activity

and/or the user surroundings" as required by Claim 5 of the '914 Patent; and/or "computing

reference data based upon the recognition of the particular set, the reference data defining a

relationship between each set of subsequent non-reference data sample values and the particular reference set of data sample values in the 2D coordinate system" as required by Claim 1 of the '273 Patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., SafeDrivePod requests a declaration by the Court that SafeDrivePod has not infringed and does not infringe any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT II**

**DECLARATION REGARDING INVALIDITY AS TO THE PATENTS-IN-SUIT**

11.     SafeDrivePod incorporates by reference Paragraphs 1–10 above.

12.     Based on BWE's filing of this action and at least SafeDrivePod's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

13.     The asserted claims of the Patents-in-Suit are anticipated and/or rendered obvious by, *inter alia*, European Patent Application EP1837741A2; Chinese Patent CN1722071B; and U.S Patent No. 8,351,773.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., SafeDrivePod requests a declaration by the Court that claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, SafeDrivePod asks this Court to enter judgment in SafeDrivePod's favor and against BWE by granting the following relief:

a)      a declaration that the Patents-in-Suit are invalid;

b)      a declaration that SafeDrivePod does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c)      a declaration that BWE take nothing by its Complaint;

d)      judgment against BWE and in favor of SafeDrivePod;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to SafeDrivePod of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

SafeDrivePod hereby demands trial by jury on all issues.

Dated: February 20, 2024                    Respectfully submitted,

                                            */s/ Neil J. McNabnay*
                                            Neil J. McNabnay
                                            Texas Bar No. 24002583
                                            Ricardo J. Bonilla
                                            Texas Bar No. 24082704
                                            Rodeen Talebi
                                            Texas Bar No. 24103958
                                            Alexander H. Martin
                                            Texas Bar No. 24091828
                                            mcnabnay@fr.com
                                            rbonilla@fr.com
                                            talebi@fr.com
                                            martin@fr.com
                                            **FISH & RICHARDSON P.C.**
                                            1717 Main Street, Suite 5000
                                            Dallas, Texas 75201
                                            (214) 747-5070 (Telephone)
                                            (214) 747-2091 (Facsimile)

                                            **ATTORNEYS FOR DEFENDANT
                                            SAFEDRIVEPOD INTERNATIONAL B.V.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy has been electronically filed using the CM/ECF

filing system on February 20, 2024, which automatically sends email notifications to all counsel

of record and which will permit viewing and downloading of same from the CM/ECF system.

<em>/s/ Neil J. McNabnay</em>

Neil J. McNabnay